UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RANDY K. SILVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-10944-JGD |
| SUPERINTENDENT GARY RODEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF DECISION AND ORDER
ON RESPONDENT'S MOTION TO DISMISS**

June 26, 2013

DEIN, U.S.M.J.

## I.  INTRODUCTION

The Petitioner, Randy K. Silva, is presently serving a sentence for the first-degree

murder of James Schiano under a theory of deliberate premeditation, the armed assault of

David DeAndrade with intent to kill, and the assault and battery of DeAndrade by means

of a dangerous weapon.  See Commonwealth v. Silva, 455 Mass. 503, 505, 918 N.E.2d

65, 72 (2009).  On May 25, 2011, Silva filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, which is presently pending before this court.[1]  The

Respondent has filed a motion to dismiss, asserting that Silva has failed to exhaust

Grounds 4, 9 and 10 of his habeas petition, and arguing that since Silva has filed a mixed

---

[1]  Silva was originally proceeding *pro se,* but the court appointed counsel on October 17, 2012.  Silva's counsel had the opportunity to brief and argue all pending motions, including the instant motion to dismiss.

petition containing exhausted and unexhausted claims, the habeas petition should be

dismissed in its entirety.  (Docket No. 11).  Silva has admitted that Ground 4 is not

exhausted, and has withdrawn that claim.  See Pet. Opp. (Docket No. 35) at 1.  With

respect to Grounds 9 and 10, which raise arguments relating to Silva's Sixth Amendment

rights under the confrontation clause, the Respondent argues that these claims were raised

before the state court only in the context of an ineffective assistance claim, and not as

independent claims.  However, a fair reading of Silva's pleadings below establishes that

Silva did present these constitutional challenges as independent arguments to the state

court.  Therefore, Grounds 9 and 10 were fully exhausted, and the motion to dismiss is

DENIED.[2]

## II.  STATEMENT OF FACTS[3]

Since the facts of the underlying crime are not relevant to the issues raised by the

motion to dismiss, they will be addressed only briefly.

---

[2]  It is undisputed that eight of the Grounds asserted by Silva were exhausted and are ripe for habeas review.  Thus, even if the court were to conclude that some of the other claims were not exhausted, this court would either stay the matter to enable the petitioner to pursue his remedies in state court or, if a stay was not warranted,"allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims."  Jones v. Bock, 549 U.S. 199, 222, 127 S. Ct. 910, 924-25, 166 L. Ed. 2d 798 (2007) (internal quotation and citation omitted). As a general rule, dismissal of the entire petition due to the existence of some unexhausted claims is not appropriate unless the petitioner declines to dismiss his unexhausted claims.  See Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007).

[3]  The state record is included in the Respondent's Appendix ("RA"), filed in support of his motion to dismiss.  (Docket No. 13).  The state trial and appellate courts' findings of fact are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).  See Gunter v. Maloney, 291 F.3d 74, 76 (1st Cir. 2002); Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002).  Unless otherwise indicated, the facts are not in dispute.

On April 27, 2001, Silva was indicted for first degree murder, armed assault with intent to murder, and assault and battery with a dangerous weapon.  (RA Ex. A: Super. Ct. Docket at 4).  Silva pleaded not guilty to all charges, and his trial commenced on February 6, 2002 in Bristol County Superior Court.  (Id.).  A jury could have found that, on April 7, 2001, Silva shot and killed James Schiano and shot and wounded David DeAndrade when DeAndrade and Schiano went to collect a $15.00 drug debt from Silva's friend Jeffrey Padon.  Commonwealth v. Silva, 455 Mass. at 505-06, 918 N.E.2d at 72-74.  On February 13, 2002, Silva was convicted of all charges and received a life sentence for the murder conviction and concurrent eight to ten year sentences for the other convictions.  (RA Ex. A: Super. Ct. Docket at 6).

Silva appealed his convictions, and the appeal was entered on the docket of the Massachusetts Supreme Judicial Court ("SJC") on May 10, 2004.  (RA Ex. B: SJC Docket at 1).  On September 8, 2006, he filed a motion for a new trial with the SJC, which remanded the motion to the Superior Court.  (Id. at 2).  On March 4, 2008, the Superior Court denied that motion (RA Ex. A: Super. Ct. Docket at 9), and on July 1, 2008, Silva appealed that denial to the SJC.  (RA Ex. B: SJC Docket at 3).

The SJC consolidated Silva's appeal of his convictions and his appeal of the Superior Court's denial of his first motion for a new trial.  On December 21, 2009, the SJC issued an opinion affirming the convictions and the denial of his first motion for a new trial.  Commonwealth v. Silva, 455 Mass. at 503, 918 N.E.2d at 65.  On January 5, 2010, Silva requested a rehearing with the SJC, which request was denied.  (RA Ex. B:

SJC Docket at 3-4).  Silva then filed a second motion for a new trial with the Superior

Court on December 16, 2010.  (RA Ex. A: Super. Ct. Docket at 11).  On January 31,

2011, the Superior Court denied Silva's second motion for a new trial.  (RA Ex. A: Super.

Ct. Docket at 11).  Silva filed a petition for leave to appeal that decision with the SJC,

which a Single Justice, as "gatekeeper," denied on April 29, 2011.  (RA Ex. C: SJC

Docket II at 1).

In connection with his *pro se* petition for leave to appeal, Silva challenged the

admission of ballistic analyses conducted by Sergeant Douglas Weddleton through the

testimony of Officer Michael Arnold.  Silva argued, without limitation, that "[t]he trial

judge erred in admitting the hearsay statement of a non-testifying available witness, thus,

depriving him of his right to confront the witness against him, when Douglas

Weddleton['s] out-of-court statements were admitted at his trial through the testimony of

toolmark expert Michael Arnold."  (RA Ex. G at 21).  As detailed below, it is disputed

whether this challenge was limited to a claim of ineffective assistance of counsel or

constitutes an independent confrontation clause challenge.

On May 25, 2011, Silva filed a *pro se* petition for writ of habeas corpus with this

court alleging eleven grounds for relief.  (Docket No. 1).[4]  On September 12, 2011, the

---

[4]  Prior to the appointment of counsel, Silva filed a *pro se* "motion for leave to file amended petition" (Docket No. 18) seeking to delete claims 7-10 of his petition as they were not exhausted.  The claims referenced therein do not track precisely the language of the claims in Silva's habeas petition, and reference claims which clearly were exhausted.  This court stayed action on the motion to amend pending appointment of counsel.  (See 9/28/12 Docket Entry). Counsel elected not to proceed with this motion to amend, and it was deemed withdrawn.  Both

Respondent filed his motion to dismiss on the basis that Grounds 4, 9 and 10 of the

petition were not exhausted.  (Docket No. 11).  Since it is undisputed that Ground 4 was

not exhausted, it will not be addressed further.  With respect to the remaining Grounds at

issue, Silva asserted the following in his habeas petition:

> Ground #9:
> The Trial Judge erre[d] in admitting the hearsay statement of a non-
> testifying available witness, thus denying the defendant his 6th
> Amendment Right to Confrontation.
>
> Supporting Facts:  The Trial Judge erre[d] in admitting the hearsay
> statement[s] of a non-testifying available witness, thus depriving
> [defendant] the right to confront the witness against him, when
> Douglas Weddleton['s] out-of-court statement[s] were admitted at
> trial through the testimony of expert Michael Arnold.
>
> Ground #10:
> The alleged identification officer Douglas Weddleton's statements
> were testimonial in nature as he made them in person to Michael
> Arnold and report [sic] while investigating a crime scene.
>
> Supporting Facts:  Officer Weddleton's investigative reports and
> statement's [sic] to responding Officer qualify as testimonial in
> nature under even the narrowest standard, [sic] the Commonwealth
> was required to lay a foundation that Weddleton was unable to
> testify where the defendant had no prior op[po]rtunity to cross-
> examine him.

(Docket No. 1).  The Respondent contends that these two claims are "substantively the

same."  (Resp. Mem. (Docket No. 12) at 7).  Silva contends that while the claims are

closely related, they are not the same.  According to the Petitioner, "Claim 9 asserts the

---

parties agree that Grounds 9 and 10, which are at issue in connection with the motion to dismiss,
are presently in the habeas petition.

confrontation clause right was violated regardless of the applicability of a hearsay

exception, and Claim 10 asserts that no hearsay exception existed." (Pet. Opp. (Docket

No. 35) at 2 n.1). In any event, the Respondent contends that with respect to both claims,

while arguments along these lines "were included within the Petitioner's petition to the

SJC Single Justice for leave to appeal the denial of his second motion for a new trial[,]

. . . they were not advanced in support of a standalone Confrontation Clause claim, as

they are in the Petition, but were made only as part of a larger claim for ineffective assis-

tance of trial and appellate counsel." (Resp. Mem. at 8). Consequently, the Respondent

argues, "the standalone confrontation claims now advanced in the Petition were not

directly advanced to the SJC and thus were not exhausted." (Id.). As detailed more fully

below, this court disagrees. A fair reading of Silva's arguments establishes that the con-

frontation clause arguments were not limited to ineffective assistance of counsel claims.

## III.  ANALYSIS

### A.     Exhaustion Standard of Review

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust

available state remedies, 28 U.S.C. § 2254(b)(1), thus giving the state the first 'opportu-

nity to pass upon and correct alleged violations of its prisoners' federal rights.'" Josselyn

v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007) (quoting Duncan v. Henry, 513 U.S. 364, 365,

115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (per curiam) (internal citations omitted)).

To exhaust state remedies, "the petitioner must present the federal claim fairly and

recognizably to the state courts, meaning that he must show that he tendered his federal

claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citations omitted).

A petitioner may fairly present a federal constitutional issue to a state's highest court in several ways, including: "(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution." Id. (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)). Additionally, a petitioner may raise a federal issue by "indicat[ing] the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). In the instant case, it is undisputed that Silva raised federal constitutional issues to the SJC, as he made repeated references to his Sixth Amendment rights and the confrontation clause, in addition to citations to federal constitutional cases. (See, e.g., RA Ex. G at 21-23). The sole issue is whether he raised his claims only as a subset of his ineffective assistance of counsel arguments. As detailed below, this court finds that he raised his confrontation clause arguments as stand-alone claims.

**B.**   **Silva's Confrontation Clause Arguments**

In his petition to obtain leave for permission to appeal to the Single Justice of the

SJC, Silva's first Argument is entitled as follows:

> I.      THE DEFENDANT WAS DENIED THE EFFECTIVE ASSIS-
>         TANCE OF BOTH TRIAL AND APPELLATE COUNSEL AS
>         GUARANTEED BY THE SIXTH AND FOURTEENTH AMEND-
>         MENT TO THE UNITED STATES CONSTITUTION AND
>         ARTICLE TWELVE OF THE MASSACHUSETTS DECLARA-
>         TION OF RIGHTS WHEN COUNSEL PERFORMANCE FELL
>         MEASURABLY BELOW THAT WHICH IS EXPECTED OF AN
>         ORDINARY FALLIBLE ATTORNEY

(RA Ex. G at 14).  After setting out the standard for ineffective assistance of counsel,

Silva has a section entitled as follows:

> A.      WHETHER THE MOTION JUDGE ERRED WHEN HE RULED
>         THAT THE DEFENDANT WAS NOT DENIED THE EFFECTIVE
>         ASSISTANCE OF COUNSEL WHEN TRIAL AND APPELLATE
>         COUNSEL FAILED TO OBJECT AND RAISE ON APPEAL THE
>         ADMISSION OF HEARSAY EVIDENCE

(Id. at 16).  In this section, Silva challenges the fact that Trooper Michael Arnold was

permitted to testify based on the out-of-court assertions of Sergeant Douglas Weddleton

in the context of an ineffective assistance of counsel claim.  As he argued in part, "[t]he

defendant was denied the effective assistance of counsel when counsel utterly failed to

object to the admission of a so-called expert, whose testimony was inadmissible hearsay

because it depended entirely on out-of-court assertions of another (Sergeant Douglas

Weddleton who conducted the test) for its factual basis."  (Id.)  Silva continues to expand

on his argument that the failure to object to this testimony was ineffective assistance of

counsel for several more pages.  (Id. at 16-20).  It is this argument section in which Silva

raises his challenge to the admission of such testimony in the context of an overall

ineffective assistance of counsel claim.

The Respondent's present argument fails, however, because Silva continued with

several other sections which raised his confrontation clause arguments as stand-alone

claims.  Thus, the next section is entitled:

> THE TRIAL JUDGE ERRED IN ADMITTED (sic) THE HEAR-
> SAY STATEMENT OF A NON-TESTIFYING AVAILABLE
> WITNESS

(Id. at 21).  While the heading is not numbered, it is clear that it should have been

numbered argument "II" since the next section is numbered subpart "A" and is entitled:

> A.   THE ALLEGED IDENTIFICATION OFFICER DOUGLAS
>      WEDDLETON'S STATEMENT WERE TESTIMONIAL IN
>      NATURE AS HE MADE THE IN PERSON TO MICHAEL
>      ARNOLD AND REPORT WHILE INVESTIGATING A CRIME
>      SCENE [sic]

(Id. at 24).  This section is, in turn, followed by subpart "B" which is entitled:

> B.   THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE
>      ALLOWED THE PRESENTATION OF EVIDENCE BY THE
>      COMMONWEALTH'S SO-CALLED "EXPERT" TESTIMONY,
>      CONSTITUTED THE USE OF HEARSAY EVIDENCE
>      CONTRARY TO MASSACHUSETTS RULEES [sic] OF
>      PURPOSED EVIDENCE

(Id. at 26).

In the first unnumbered section (id. at 21-23), Silva asserts a violation of the

confrontation clause of the Sixth Amendment, but makes no mention of ineffective

assistance of counsel.  Thus, he has clearly asserted an independent claim of a violation

of his Sixth Amendment rights.  While section "A" (<u>id.</u> at 24-26) is not as clear, in this court's view it should also be considered an independent claim.  In this section, Silva again argues that the use of "inadmissible hearsay" at trial violated his right to confront adverse witnesses in violation of his Sixth and Fourteenth Amendment rights.  After several pages during which he argues that his confrontation rights were violated, Silva concludes, but only in passing, that counsel's failure to raise this issue constituted ineffective assistance of counsel.  (<u>Id.</u> at 26).  In the "B" section, Silva again argues a constitutional violation of his right to confront the witnesses against him.  (<u>Id.</u> at 26-31).  While he concludes with a passing reference to "the unprofessional errors of trial and appellate counsel," he does not argue ineffective assistance of counsel in this section.  (<u>Id.</u> at 31).  Thus, this section, even more so than section "A," asserts a confrontation clause claim as a stand-alone claim for relief.  In sum, Silva has asserted his confrontation clause claims as independent claims before the state court, and Grounds 9 and 10 of the habeas petition have been exhausted.

## IV.  <u>CONCLUSION</u>

For all the reasons detailed herein, Respondent's motion to dismiss (Docket No. 11) is DENIED.  Counsel for the Petitioner shall file a memorandum in support of the habeas petition within thirty (30) days of the date of this Order.

    / s / Judith Gail Dein                 
Judith Gail Dein
United States Magistrate Judge
