UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RANDY K. SILVA,                    )<br>                                              )<br>          Petitioner,             )<br>     v.                                      )<br>                                              )<br>SUPERINTENDENT GARY RODEN, )<br>                                              )<br>          Respondent.            ) | CIVIL ACTION<br>NO. 11-10944-JGD |

**MEMORANDUM OF DECISION AND ORDER
ON PETITIONER'S MOTION TO STAY**

June 26, 2013

DEIN, U.S.M.J.

## I. INTRODUCTION

The Petitioner, Randy K. Silva, is presently serving a sentence for the first-degree murder of James Schiano under a theory of deliberate premeditation, the armed assault of David DeAndrade with intent to kill, and the assault and battery of DeAndrade by means of a dangerous weapon. See Commonwealth v. Silva, 455 Mass. 503, 505, 918 N.E.2d 65, 72 (2009). On May 25, 2011, Silva filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is presently pending before this court.[1] Silva has filed a motion to stay, which the parties agree is also a motion to amend his habeas petition, so that he can exhaust new claims in the state court. Specifically, Silva wants to

---

[1] Silva was originally proceeding *pro se,* but the court appointed counsel on October 17, 2012. Silva's counsel had the opportunity to brief and argue all pending motions, including the instant motion to stay.

pursue claims asserting that his trial was improperly closed to the public in violation of his Sixth and Fourteenth Amendment constitutional rights. (Docket No. 20).

The Respondent opposes the motion to stay/amend on the grounds that the proposed amendment is futile as it is untimely. This court agrees. Therefore, and for the reasons detailed more fully herein, the motion to stay/amend (Docket No. 20) is DENIED.

## II. STATEMENT OF FACTS[2]

This recitation of facts is limited to those relevant to the motion to stay/amend.

On April 27, 2001, Silva was indicted for first degree murder, armed assault with intent to murder, and assault and battery with a dangerous weapon. (Super. Ct. Docket at 4). Silva pleaded not guilty to all charges, and his trial commenced on February 6, 2002 in Bristol County Superior Court. (Id.). On February 13, 2002, Silva was convicted of all charges and received a life sentence for the murder conviction and concurrent eight to ten year sentences for the other convictions. (Id. at 6).

Silva appealed his convictions, and the appeal was entered on the docket of the Massachusetts Supreme Judicial Court ("SJC") on May 10, 2004. (SJC Docket at 1). On

---

[2] The facts are derived from Commonwealth v. Silva, 455 Mass. 503, 918 N.E.2d 65 (2009), and from the state court dockets included in the Appendix ("App.") to the Respondent's Motion to Dismiss Petition, filed as Docket No. 13, including Ex. A (Docket for Commonwealth v. Randy Silva, Case No. BRCR2001-00471 in the Bristol County, Massachusetts, Superior Court ("Super. Ct. Docket")), Ex. B (Docket for Commonwealth v. Randy Silva, Case No. SJC-09256 in the Supreme Judicial Court for the Commonwealth of Massachusetts ("SJC Docket")), and Ex. C (Docket for Commonwealth v. Randy Silva, Case No. SJ-2011-0111 in the Supreme Judicial Court for Suffolk County, Massachusetts ("SJC Docket II")).

September 8, 2006, he filed a motion for a new trial with the SJC, which remanded the motion to the Superior Court. (Id. at 2). On March 4, 2008, the Superior Court denied that motion (Super. Ct. Docket at 9), and on July 1, 2008, Silva appealed that denial to the SJC. (SJC Docket at 3). The SJC consolidated Silva's appeal of his convictions and his appeal of the Superior Court's denial of his first motion for a new trial. On December 21, 2009, the SJC issued an opinion affirming the convictions and the denial of his first motion for a new trial. Commonwealth v. Silva, 455 Mass. at 503, 918 N.E.2d at 65. On January 5, 2010, Silva requested a rehearing with the SJC, which request was denied. (SJC Docket at 3-4).

Silva filed a second motion for a new trial with the Superior Court on December 16, 2010. (Super. Ct. Docket at 11). On January 31, 2011, the Superior Court denied Silva's second motion for a new trial. (Super. Ct. Docket at 11). Silva filed a petition for leave to appeal that decision with the SJC, which a Single Justice, as "gatekeeper," denied on April 29, 2011. (SJC Docket II at 1).

On May 25, 2011, Silva filed a *pro se* petition for writ of habeas corpus with this court alleging eleven grounds for relief. (Docket No. 1). On May 9, 2012, he filed the instant motion to stay, which the parties agree should also be deemed a motion to amend the petition to add a claim. (See Docket No. 36 at 1 n.1). Therein, Silva is seeking to exhaust claims in state court asserting that his right to a fair and public trial was denied because his courtroom was closed to the public. (Docket No. 20). In connection with the

motion, Silva filed an affidavit ("Aff.") (Docket No. 21).  Therein, he attested in relevant part as follows:

> 2. This affidavit and accompanying motion for stay of his petition for a Writ of Habeas Corpus is being requested to raise a Constitutional Claim within the State Jurisdiction, Specifically, in Bristol Superior Court based on a denial of my Sixth and Fourteenth Amendment Right to a Public Trial.
>
> 3. The petitioner states that during his trial but, particularly during the jurors selection portion of my trial, where the trial judge excluded all member of the public including my family and friends from the courtroom.  In order to conduct individual voir dire.  At the time of trial my attorney was not privvy to this constitutional claim and therefore he did not inform me of this right.
>
> 4. I did not become aware of the existence of the public trial right under the Sixth and Fourteenth Amendment to the United States Constitution.  Until December 2011 when I first notified the Committee for Public Counsel Service ("CPCS") of the fact of a complete courtroom closure.

(Id.) [sic].

Additional facts will be provided below where appropriate.

### III.  ANALYSIS

As the parties recognize, the Petitioner's motion to stay/amend is dependent on whether the motion was timely filed.  If it was untimely, the proposed amendment would be futile and there would be no basis for a stay of the habeas proceedings to enable Silva to exhaust the issue in state court.  See Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126-27 (1st Cir. 2006) (motion to amend properly denied on grounds of futility where proposed claim was time-barred).  For the reasons detailed herein, this court finds

that the proposed claims are time-barred. Therefore, Silva's motion to stay/amend is denied.

### A.     Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner has one year in which to file habeas petition seeking federal review of a state court conviction. See 28 U.S.C. § 2244(d)(1). Of relevance to the instant case, the one-year period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). The parties agree that, absent equitable considerations discussed infra, the one-year period in Silva's case commenced on April 29, 2011, when the Single Justice of the SJC denied his petition for leave to appeal the Superior Court's denial of his second motion for a new trial.[3] At that point, Silva no longer had any application for collateral review pending. See Drew v. MacEachern, 620 F.3d 16, 21 (1st Cir. 2010) (petitioner's

---

[3] Silva originally argued that since the SJC decision was not mailed until May 3, 2011, and he should not be deemed to have received it for three days, the one-year period should be deemed to have begun on May 6, 2011. (See Pet. Reply Mem. (Docket No. 36) at 2). However, in Donovan v. Maine, 276 F.3d 87 (1st Cir. 2002), the First Circuit adopted the rule followed by all other courts "that the date of judgment, rather than the date that notice of judgment is received, controls for computational purposes under 28 U.S.C. § 2244(d)(2)." Donovan, 276 F.3d at 92. Therefore, at oral argument petitioner agreed that, absent equitable considerations, the statute of limitations began to run on April 29, 2011, the date of the Single Justice's decision.

application for state post-conviction relief is no longer pending, and the statute of limitations begins to run, when a single justice denies a "gatekeeper" application for further appellate review, as that decision is "final and unreviewable[.]").  Since Silva did not mail his motion to stay until May 7, 2012, it was untimely.  See Donovan, 276 F.3d at 90 (habeas petition is deemed filed, "under the prisoner mailbox rule," on the date it is deposited in the institution's internal mail system).

There is no basis for the proposed claim challenging the closure of the courtroom to relate back to the date of the timely-filed original habeas petition, and Silva does not argue that relation-back would be warranted.  It is only where "the original and amended petitions state claims that are tied to a common core of operative facts [that] relation back will be in order."  Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 2574, 162 L. Ed. 2d 582 (2005).  See also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("amended habeas corpus claims generally must arise from the 'same core facts,' and not depend upon events which are separate both in time and type from the events upon which the original claims depended.").  Since in the instant case the facts relating to the closure of the courtroom are distinct from the other claims of error in Silva's habeas petition, the proposed additional claim does not relate back, and is not timely.

### B.    Expansion of the Filing Deadline

Silva contends that his motion to stay/amend should be considered timely because he did not learn that his constitutional rights had been violated until December 2011.  Silva appears to be arguing either that under a "discovery rule" the statute of limitations

should not be deemed to begin until he was aware of his injury in December 2011, or that the time for filing should be extended due to equitable principles. (See Pet. Reply Mem. (Docket No. 36) at 3). Neither argument is persuasive.

As is apparent from his affidavit, Silva knew at the time of his trial that members of the public, including family and friends, were excluded from the courtroom during jury selection so that the court could conduct individual voir dire examinations. (See Aff. ¶ 3). However, he allegedly did not learn that such a closure was unconstitutional until December 2011. (Id. ¶ 4). However, as the Supreme Court recently confirmed in Presley v. Georgia, 558 U.S. 209, 130 S. Ct. 721, 175 L. Ed. 2d 675 (2010), it has been well-established since at least 1984 that the closure of a courtroom during jury selection may violate a defendant's constitutional rights. Id. at 212-13, 130 S. Ct. at 723-24 (citing Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 U.S. 501, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984), and Waller v. Georgia, 467 U.S. 39, 104 S. Ct. 2210, 81 L. Ed. 2d 31 (1984)).[4] See also Commonwealth v. Cohen, 456 Mass. 94, 106-07, 921 N.E.2d 906, 917-18 (2010) (recognizing that "[t]he closing of a criminal proceeding to the public may implicate rights guaranteed by both the First and Sixth Amendments to the United States Constitution[,]" and citing, *inter alia*, Presley, Press-Enterprise Co., and Waller). Since Silva knew the relevant facts within the statutory one year period, there is

---

[4] Pursuant to 28 U.S.C. § 2244(d)(1)(C), the one-year statute of limitations for habeas petitions may begin to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court...." Since, however, the right at issue was recognized well before Silva's habeas petition, this statutory provision has no application here.

no basis to extend the commencement of the limitations period to the date he learned that he had a legal claim arising out of the known facts.

Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations for a habeas petition may be deemed to commence on "the date on which the factual predicate of the [habeas claim] could have been discovered through the exercise of due diligence." "[F]actual predicate" means "evidentiary facts or events, and not court rulings or legal consequences of the facts." Holmes v. Spencer, 685 F.3d 51, 59 (1st Cir. 2012) (internal punctuation and citation omitted). Because Silva knew that the courtroom had been closed during his jury selection at the time of trial, the fact that he did not know the legal consequences of the closure does not extend the onset of the statute of limitations. Id. (where petitioner was given improper legal advice, statute of limitations was not extended to the date he learned that the advice was inaccurate) and cases cited.

Similarly, Silva's reliance on a so-called "discovery rule" is misplaced. It has long been recognized "that a plaintiff's ignorance of the existence of a legal right of action based on his injury does not operate to delay accrual of his claim." Marrapese v. Rhode Island, 749 F.2d 934, 943 (1st Cir. 1984) (citing Kubrick v. United States, 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979)). Thus, even in the tort context, where, as here, a plaintiff is "in possession of the critical facts that he has been hurt and who has inflicted the injury[,]" the fact that he is ignorant of his legal rights does not toll the onset of the statute of limitations. Kubrick, 444 U.S. at 122, 100 S. Ct. at 359. Moreover, Silva

cannot claim that his injury was inherently unknowable since the law was well-established at the time of his trial.

Equitable considerations also do not help Silva in the instant case. The one year statute of limitations under § 2244(d)(1) may be subject to equitable tolling. <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010) (citing, *inter alia,* <u>Neverson v. Farquharson</u>, 366 F.3d 32, 41 (1st Cir. 2004)). "As the party seeking to invoke equitable tolling, [Silva] bears the burden of establishing the basis for it." <u>Neverson</u>, 366 F.3d at 41. Equitable tolling is to be invoked only "sparingly" and in "extraordinary circumstances." <u>Id.</u> at 42 and cases cited. Thus, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Holland</u>, 130 S. Ct. at 2562 (internal quotation and citation omitted). Silva cannot meet this standard. As detailed above, Silva was aware of the facts which form the basis of his claim – *i.e.*, the closed courtroom – since they happened. The constitutional right that he has invoked had been defined by the Supreme Court for decades before his habeas petition was filed. There is nothing in the record to support a finding that anything extraordinary "stood in his way and prevented timely filing." In short, there is no basis for the application of equitable tolling.

## IV.  CONCLUSION

For all the reasons detailed herein, Silva's motion to stay/amend his petition (Docket No. 20) is untimely.  Therefore, since any amendment would be futile, the motion is DENIED.

                                             / s / Judith Gail Dein
                                             Judith Gail Dein
                                             United States Magistrate Judge